IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

MARY SCANLAN,

     Plaintiff,

        v.                                CIVIL NO.: WDQ-14-2913

ROBERT N. KILBERG,

     Defendant.

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Mary Scanlan sued Robert N. Kilberg for violating the Fair Debt Collection Practices Act ("FDCPA")[1] and the Maryland Consumer Debt Collection Act ("MCDCA")[2] in the Circuit Court for Baltimore City. ECF No. 2. Kilberg removed the suit to this Court. ECF No. 1. Pending are Kilberg's motions to dismiss and to strike Scanlan's surreply, or alternatively, for leave to respond to Scanlan's surreply. ECF Nos. 8, 15. No hearing is necessary. Local Rule 105.6 (D. Md. 2014). For the following reasons, Kilberg's motion to dismiss will be granted in part, the Court will remand the MCDCA claim to the Circuit Court, and Kilberg's motion to strike will be denied as moot.

---

[1] 15 U.S.C. § 1692 *et seq.* (2012).

[2] Md. Code Ann., Com. Law § 14-201 *et seq.* (West 2010).

I.   Background[3]

On August 4, 2006, Scanlan hired the law firm Mister,
Winter, Bartlett, LLC ("Mister") to represent her in a family
law matter.  ECF No. 2 ¶ 7.[4]  Scanlan signed a retainer agreement
governing the fee arrangement, scope of representation, and
amount of interest on late payments.  *Id*.  Although the retainer
did not state that Scanlan would pay for costs of collection or
attorneys' fees for collection work, *id*., it did state that
Scanlan must pay "all legal fees, costs and expenses incurred by
you with this office."  ECF No. 2-1 at 2 (retainer agreement
attached to the complaint).

Mister's representation ended in September 2007 with an
unfavorable outcome "resulting in a significant reduction to
[Scanlan's] child support award."  ECF No. 2 ¶ 8.  Scanlan had

---

[3] The facts are from the complaint and attached exhibits.  ECF
No. 2.  For the motion to dismiss for failure to state a claim,
the well-pled allegations in the complaint are accepted as true.
*See Brockington v. Boykins*, 637 F.3d 503, 505 (4th Cir. 2011).
In reviewing the motion to dismiss, the Court may consider
allegations in the complaint, matters of public record, and
documents attached to the motion to dismiss that are integral to
the complaint and authentic.  *See Philips v. Pitt Cnty. Mem'l
Hosp*., 572 F.3d 176, 180 (4th Cir. 2009).  Matters of public
record include state court records and filings.  *See Witthohn v.
Fed. Ins. Co*., 164 F. App'x 395, 397 (4th Cir. 2006).

[4] Although Scanlan's complaint refers to Mister as a defendant in
this case, *see e.g.*, ECF No. 2 ¶ 9 ("the Defendant law firm
Mister, Winter, Bartlett, LLC), Mister is not named in the case
style or in the section identifying the Parties, *see id*. at 1, 2
¶¶ 4-5.  Accordingly, Mister is not a party to this case.

incurred "a large debt" from the representation and was
delinquent on her payments to Mister. *Id.* ¶¶ 6, 9.

On November 8, 2013, Mister, through its attorney, Kilberg,
sued Scanlan in the Maryland District Court for Baltimore County
for $16,646 in unpaid legal fees, $469.92 in interest, and
$2,497 (15 percent of the principle) in attorneys' fees. *Id.* ¶
9; *see also* ECF No. 2-2 at 2 (contract action filed in District
Court).[5]  Kilberg did not attach a schedule of fees to the
complaint showing that he was entitled to the amount claimed.
ECF No. 2 ¶ 11.[6]

On February 7, 2014, before trial began that day, Scanlan's
efforts to settle suit were unsuccessful, in part, because
Kilberg and Mister "continued to claim they were legally
entitled to attorneys' fees." *Id.* ¶ 13.[7]  When Mister failed to
provide a "legal or factual justification for the [attorneys']

---

[5] The form complaint had blank spaces for the attorney to enter
the amount of damages, interest, and attorneys' fees claims,
plus court costs. *See* ECF No. 2-2 at 2.

[6] However, someone signing as the "owner" of the plaintiff law
firm averred under "penalties of perjury and upon personal
knowledge that there is justly due and owing . . . the sum set
forth in the Complaint." *Id.*

[7] Scanlan ascribes this statement to "the Defendants," apparently
referring to Kilberg and Mister.  However, as noted above,
Mister is not a party to this case.

fees" under cross-examination, Kilberg waived his claim for attorneys' fees. *Id*. ¶ 14.[8]

On July 24, 2014, Scanlan filed suit in the Circuit Court for Baltimore City alleging violations of the MCDCA (count one) and the FDCPA (count two). ECF No. 1 ¶ 1. On September 12, 2014, Kilberg removed the suit to this Court. *Id*.[9] On September 17, 2014, Kilberg moved to dismiss the complaint for failure to state a claim. ECF No. 8. On October 6, 2014, Scanlan opposed the motion. ECF No. 10. On October 22, 2014, Kilberg replied. ECF No. 13.

On November 4, 2014, Scanlan filed a "notice of supplemental authority" directing the Court to a recent decision by the Maryland Court of Special Appeals, *Allstate Lien &*

---

[8] Maryland follows the common law "American Rule," which prevents a prevailing party from recovering attorneys' fees unless "(1) the parties to a contract have an agreement to that effect, (2) there is a statute that allows the imposition of such fees, (3) the wrongful conduct of a defendant forces a plaintiff into litigation with a third party, or (4) a plaintiff is forced to defend against a malicious prosecution." *Thomas v. Gladstone*, 386 Md. 693, 699, 874 A.2d 434, 437 (2005).

[9] This Court has jurisdiction over the federal claim under 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." This Court has jurisdiction over non-federal claims under section 1367, which provides, *inter alia*, that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

4

*Recovery Corp. v. Stansbury*, 2014 WL 4997405 (Md. Ct. spec. App. Oct. 7, 2014).  ECF No. 14.  On November 11, 2014, Kilberg moved to strike the notice as an impermissible surreply, or alternatively, for leave to respond to the surreply.  ECF No. 15.

II.  Analysis

A. Legal Standard for Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), an action may be dismissed for failure to state a claim upon which relief can be granted.  Rule 12(b)(6) tests the legal sufficiency of a complaint, but does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Court bears in mind that Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l, Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001).  Although Rule 8's notice-pleading requirements are "not onerous," the plaintiff must allege facts that support each element of the claim advanced. *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 764-65 (4th Cir. 2003).  These facts must be sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

This requires that the plaintiff do more than "plead[] facts that are 'merely consistent with a defendant's liability;'" the facts pled must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 557).  The complaint must not only allege but also "show" that the plaintiff is entitled to relief.  *Id.* at 679 (internal quotation marks omitted). "Whe[n] the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not shown--that the pleader is entitled to relief."  *Id.* (internal quotation marks and alteration omitted).

   B. FDCPA Claims

   Congress enacted the FDCPA to eliminate abusive and deceptive debt collection practices.  15 U.S.C. § 1692(e); *see also United States v. Nat'l Fin. Servs., Inc.*, 98 F.3d 131, 135 (4th Cir. 1996).[10]  The FDCPA bars "false, deceptive, or

---

[10] To establish an FDCPA claim, Scanlan must demonstrate that "(1) the plaintiff has been the object of collection activity arising from consumer debt; (2) the defendant is a debt collector as defined by the FDCPA; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Boosahda v. Providence Dane LLC*, 462 F. App'x 331, 333 (4th Cir. 2012)(*quoting Ruggia v. Wash. Mut.*, 719 F.Supp.2d 642, 647 (E.D. Va. 2010)).  The parties have not disputed whether Scanlan was subject to collection activity arising from a consumer debt and whether Kilberg is a debt collector under the FDCPA.  *See Sayyed v. Wolpoff & Abramson*, 485 F.3d 226, 229 (4th Cir. 2007) ("The Act applies to law firms that constitute debt collectors, even

misleading representation[s]," including "threat[s] to take any
action that cannot legally be taken or that is not intended to
be taken," 15 U.S.C. § 1692e(5),[11] and the use of "unfair or
unconscionable means to collect or attempt to collect any debt .
. . (including any interest, fee, charge, or expense incidental
to the principal obligation) unless such amount is expressly
authorized by the agreement creating the debt or permitted by
law," *id.* § 1692f(1).

Scanlan alleges that Kilbert violated FDCPA §§ 1692e(5) and
1692f(1) when he claimed attorneys' fees in Mister's suit
against Scanlan that were "not expressly authorized by the

---

where their debt-collecting activity is litigation.")(reversing
the district court's dismissal on the basis of common law
immunity).

[11] Courts disagree whether a "threat" to take action under
§ 1692e(5) includes actions that have already been taken.
*Compare, e.g., Cox v. Hilco Receivables, LLC*, 726 F. Supp. 2d
659, 666 (N.D. Tx. 2010) ("Section 1692e(5) applies only to
threatened action, not to actions already undertaken.");
*Delawder v. Platinum Fin. Servs. Corp.*, 443 F.Supp.2d 942, 948
(S.D. Oh. 2005) (dismissing § 1692e(5) claim when defendants
"did not *threaten* to take action, but actually took it by filing
the complaint") (emphasis in original), *with, e.g., Bradshaw v.
Hilco Receivables, LLC*, 765 F. Supp. 2d 719, 730-31 (D. Md.
2011)("[T]his Court interprets Section 1692e(5) of the FDCPA to
include the *taking* of 'action that cannot legally be taken.'");
*Sprinkle v. SB & C Ltd.*, 472 F. Supp. 2d 1235, 1247 (W.D. Wash.
2006) ("[C]ourts have recognized the futility of a statutory
scheme that would provide more protection to debt collectors who
violate the law than to those who merely threaten or pretend to
do so . . . ."). Here, Scanlan alleges that Kilberg violated
§ 1692e(5) when he "[f]iled suit" claiming attorneys' fees. ECF
No. 2 ¶ 20(a). Because the parties have not raised nor briefed
the issue, the Court need not decide whether the filing of a
suit seeking attorneys' fees is a threat under § 1692e(5).

retainer or otherwise permitted" and failed to attach a fee
schedule describing the hours he worked on the case.  ECF No. 2
¶ 20.  Kilberg contends that Scanlan's claim fails as a matter
of law because his request for attorneys' fees had been directed
to the state court, not Scanlan.  ECF No. 8-1 at 4-7.

Several courts disagree about whether--or under what
circumstances--an unauthorized request for attorneys' fees
violates the FDCPA.  In *Sayyed v. Wolpoff & Abramson, LLP*, 733
F. Supp. 2d 635, 648 (D. Md. 2010), on which Kilberg relies,
Judge Peter J. Messite held that a request for attorneys' fees
in a motion for summary judgment is never actionable under the
FDCPA because it is "a request directed to the court, not a
communication directed to the debtor, and certainly not a
misrepresentation to [the plaintiff's] attorney."[12]  Judge
Messite found "compelling" the reasoning applied by "[n]umerous
courts" which have held that requests for attorneys' fees in
pleadings are not actionable under the FDCPA.  *Id*. at 648
(collecting cases).

One case cited by Judge Messite, *Argentieri v. Fisher
Landscapes, Inc.*, 15 F. Supp. 2d 55, 61 (D. Mass. 1998), is

---

[12] In *Hart v. Pac. Rehab of Maryland, P.A.*, No. CIV.A. ELH-12-
2608, 2013 WL 5212309, at *23 (D. Md. Sept. 13, 2013), Judge
Ellen L. Hollander applied *Sayyed*'s reasoning to conclude that a
request for pre-judgment interest was not an actionable
representation to the debtor under the FDCPA because it was "a
request to the court, for its consideration and determination."

factually similar to this case. In *Argentieri*, an attorney included a request for attorneys' fees in a complaint "[e]ven though there was no legal or contractual basis" for the request, 15 F. Supp. 2d at 58 & n.7. After being threatened with litigation, the attorney withdrew the request. *Id.* at 58. The Court found that the underlying facts were "drastically different" from the collection abuses--including "obscene or profane language, threats of violence, telephone calls at unreasonable hours, [and] misrepresentation of a consumer's legal rights"--that had prompted Congress to enact the FDCPA. *Id.* at 61 (*quoting* S. Rep. 95-382). Thus, the Court found it

> abundantly clear . . . that a request for attorney's fees under the circumstances of this case does not violate the FDCPA. A prayer for relief in a complaint . . . is just that: a request to a third party—the court—for consideration, not a demand to the debtor himself. A request for attorney's fees ultimately rests upon the discretion of the court and a determination of applicability at a later stage of the litigation.

*Id.* at 61.[13] Although *Sayyed* established a bright-line rule effectively exempting requests for attorneys' fees from the FDCPA, *Argentieri* left open the possibility that a request for

---

[13] *Accord Rael v. Davis*, No. 1:06CV0081-JDT-TAB, 2006 WL 2346396, at *5 (S.D. Ind. Aug. 11, 2006)("Moreover, even though there was no contractual basis for the fee request and a fee award may have been unlikely given the limited exceptions to the American Rule regarding payment of fees recognized by Indiana courts, the mere request for attorney's fees did not violate the FDCPA.").

attorneys' fees may, in certain circumstances, violate the

FDCPA.[14]

    Other courts have taken the opposing view.  For example, in

*McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939,

950 (9th Cir. 2011), on which Scanlan relies,[15]  the Ninth

Circuit affirmed the district court's finding that an

unauthorized request for attorneys' fees violated the FDCPA.[16]

There, a law firm specializing in debt collection filed a

---

[14] Judge Gertner, who authored *Argentieri*, has cautioned that its
holding does not extend to all claims made to a court.  *See*
*Argentieri*, 27 F. Supp. 2d at 85-86; *Harrington v. CACV of*
*Colorado, LLC*, 508 F. Supp. 2d 128, 136 (D. Mass. 2007)
(*Argentieri*'s "holding was narrowly applicable to the relatively
innocuous and minor conduct in that case, and was not meant to
exempt all conduct in state court proceedings").

[15] Scanlan also relies on *McLean v. Ray*, 488 F. App'x 677 (4th
Cir. 2012), to suggest that the Fourth Circuit would find that
an unauthorized request for attorneys' fees violates the FDCPA
because "the [C]ourt considered the act of a baseless request
for attorney's fees as an act in need of the bona fide error
defense."  *See* ECF No. 10-1 at 6.  There, the Fourth Circuit
found that the FDCPA's "bona fide error" defense shielded an
attorney from liability when he amended a complaint to remove a
request for attorneys' fees after learning that the attorney's
fees provision of the subject contract was inapplicable.  *See*
*McLean*, 488 F. App'x at 682-83 (*citing* 15 U.S.C. § 1692k(c)).
However, the Court was not asked to decide whether the request
for attorneys' fees violated the FDCPA before addressing whether
the bona fide error defense absolved the attorney from
liability.  Thus, contrary to Scanlan's assertion, *McLean* merely
suggests that the bona fide error defense may provide a basis
for Kilberg to avoid liability.

[16] *Cf. Stratton v. Portfolio Recovery Associates, LLC*, 770 F.3d
443, 450 (6th Cir. 2014), *as amended* (Dec. 11, 2014)(complaint
seeking interest when the underlying agreement waived the
parties' right to collect interest violated the FDCPA).

complaint seeking to collect an eight-year-old credit card debt, court costs, and attorneys' fees, even though the firm had notice that the suit was time-barred. *Id.* at 945. *McCollough* reasoned that the defendant had failed to "establish[] its entitlement to collect the fees *at the time of the summary judgment* motion—not at the time it filed suit," thus distinguishing *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 333 (6th Cir. 2006), which found no FDCPA violation "when a creditor files a valid debt collection action in court without having in its possession adequate proof of its claim." *See McCollough*, 637 F.3d at 950.

In light of the Fourth Circuit's recent decision in *Elyazidi v. SunTrust Bank*, 780 F.3d 227 (4th Cir. 2015), this Court declines to adopt *Sayyed*'s bright-line rule. There, the Fourth Circuit, "view[ing] the allegedly false or misleading representations *in context*," affirmed dismissal and held that a request for attorneys' fees in an amount based on an agreement between the parties was not false, deceptive, misleading, or unfair under 15 U.S.C. §§ 1692e and 1692f. *Id.* at 234-35 (emphasis added).[17]  The Court stated, however, that--in contrast to the position taken by some courts--its "opinion in no way suggests that a prayer for attorneys' fees can never present an

---

[17] The attorney had requested $2,372.71 based on the agreement, which provided for "attorney's fees up to 25 percent ... of the amount owed." *Elyazidi*, 780 F.3d at 235.

actionable misrepresentation under the FDCPA." *Id.* at 234 n.7 (*citing Sayyed,* 733 F. Supp. at 648; *Winn v. Unifund CCR Partners,* No. CV 06-447-TUC-FRZ, 2007 WL 974099, at *3 (D. Ariz. Mar. 30, 2007)).

Thus, in the factual context of this case, the reasoning of *Argentieri* is persuasive.  Here, on behalf of his client, whom Scanlan admittedly owed legal fees, Kilberg initiated a contract action by filing a form complaint that included a space for attorneys' fees.  ECF No. 2 ¶¶ 6,9; 2-2 at 2.  Kilberg later withdrew the request for attorneys' fees.  ECF No. 2 ¶ 14; *Argentieri*, 15 F. Supp. 2d at 62 (because the disputed attorneys' fee request had been withdrawn before the plaintiff filed suit under the FDCPA, "the entire issue was moot before the complaint was filed").  Such "relatively innocuous and minor conduct"[18] is not the type of "abusive, deceptive, and unfair debt collection practice[]" that Congress enacted the FDCPA to prevent.[19]  Kilberg's motion to dismiss count two will be granted.

---

[18] *Harrington*, 508 F. Supp. 2d at 136.  *Cf. McCollough*, 637 F.3d at 945 (seeking attorneys' fees while attempting to collect a time-barred debt violated the FDCPA).

[19] *See* 15 U.S.C. § 1692(a) ("There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual

C.   MCDCA Claim

Because this Court has dismissed Scanlan's federal claims, it must decide whether to exercise supplemental jurisdiction over Scanlan's MCDCA claim under 28 U.S.C. § 1367(a)(2012).[20] Under 28 U.S.C. § 1367(c), the Court may decline to exercise supplemental jurisdiction over state law claims if it "has dismissed all claims over which it ha[d] original jurisdiction."[21]   District Courts have "wide latitude in determining whether or not to retain jurisdiction over state claims when federal claims have been extinguished."   *Shanaghan v. Cahill*, 58 F.3d 106 (4th Cir. 1995).

Scanlan's MCDCA claim involves issues of state law that are best resolved by Maryland courts.   Accordingly, the Court will remand Scanlan's MCDCA claim to the Circuit Court for Baltimore

---

privacy."); *id.* § 1692(e); *see also* S. Rep. 95-382 ("While unscrupulous debt collectors comprise only a small segment of the industry, the suffering and anguish which they regularly inflict is substantial.").

[20] The Court lacks diversity jurisdiction because the parties appear to be citizens of the same state--Maryland--and less than $75,000 is at issue.   See ECF No. 2; 28 U.S.C. § 1332 ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . citizens of different States").

[21] *See ESAB Grp., Inc. v. Zurich Ins. PLC*, 685 F.3d 376, 394 (4th Cir. 2012)(Section 1367(c) recognizes courts' authority to decline to exercise supplemental jurisdiction in limited circumstances, including, as occurred here, where the court dismisses the claims over which it has original jurisdiction.").

City.  *See ESAB Group, Inc.*, 685 F.3d at 394 ("[D]istrict courts retain inherent authority, once they have decided under § 1367(c) not to exercise jurisdiction, to remand these claims to state court."); *Ramsay v. Sawyer Prop. Mgmt. of Maryland, LLC*, 948 F. Supp. 2d 525, 537 (D. Md. 2013) *aff'd*, 593 F. App'x 204 (4th Cir. 2014)(dismissing without prejudice plaintiff's MCDCA and other state claims when FDCPA claim had been dismissed; collecting cases dismissing same); *Hart v. Pac. Rehab of Maryland, P.A.*, No. CIV.A. ELH-12-2608, 2013 WL 5212309, at *25-26 (D. Md. Sept. 13, 2013)(same).[22]

III. Conclusion

For the reasons stated above, Kilberg's motion to dismiss will be granted in part, the Court will remand the MCDCA claim to the Circuit Court, and Kilberg's motion to strike will be denied as moot.

_____6/22/15_____
Date

_____
William D. Quarles, Jr.
United States District Judge

---

[22] Because Scanlan's MCDCA claim will be remanded, the Court will deny as moot Kilberg's motion to strike Scanlan's surreply, or alternatively, for leave to respond to Scanlan's surreply, filed in connection with the MCDCA claim.